on behalf of Mr. Dorsey. And I'm going to reserve three for rebuttal, talking about the good faith exception argument in this case. This is a case that comes to you after a motion for new trial had been denied and after a direct appeal opinion had been written in the case. And in both of those here was the historical cell phone data that placed Mr. Dorsey in the vicinity very close to the shooting in this case. The rest of the state's witnesses had baggage, were problematic, had convictions, were subject to impeachment. The present use of this now we know unconstitutionally obtained historical cell phone location data, offense of Fourth Amendment, warrant requirement. How do we know that it's unconstitutional now? Because of Carpenter. Well, let's talk about that. Didn't Carpenter talk about the cache of material that was seven days in total? Yes. So how do we know this was three days, was this three days of material? This was a very short period of time. Right. So how do we know that the same outcome would ensue for three days' worth of material? I think the same outcome would ensue because beginning with Kylo, the United States Supreme Court has been protective of data, electronic data, that invades privacy in a way that in violation of the law, it violates the prior abilities of the government to get into our personal affairs. I agree, but the specific ruling of Carpenter does not cover the facts of this case. The facts are different. This case, there's a shorter period of time. I don't think the result would be any different. But the case does not dictate that outcome on its face. I would respectfully disagree. I think any intrusion under historical cell phone location data is a violation of the Fourth Amendment, whether it's for the period of time. But that's not what Carpenter said, though. So that's why I'm probing a little bit as to whether or not we can unequivocally say that Carpenter now makes this action unconstitutional. Because Carpenter specifically relied on the fact that it was seven days' worth of data. We don't have that here. We don't know what the Supreme Court would have done if there were fewer days involved. I would agree that the actual facts are not the same, Your Honor. But I don't believe that the gravamen of Carpenter was the length of time. It is the ability of the police to pinpoint the location and the movement after you've left the area. Well, why do you think the Supreme Court mentioned the length of time? I'm not sure. I'm not sure. I think they mentioned the length of time because it was a lengthy period of time in that case, seven days, but not a particularly long period of time. I think under 27D, you can go up to 30 days of collecting data. So to me, if you look at the string of cases beginning with Kylo that talk about this kind of electronic data, the court is not interested in the period of time. It's interested in the ability of the police to get into the intimate details of your travel and movement. Assuming then that Carpenter applies to the actual facts of this case, the question is whether, in 2008, the police and the prosecutors here had a good faith basis to rely on the statute. In fact, the government earlier this week submitted a 28J letter which indicates that this court has now found that the good faith exception applies to Carpenter and states in Corte. This is particularly true in light of the fact that in 2012, no circuit court had yet held the Fourth Amendment applicable to the CLS data. First of all, this case arose in 2008, and in 2008, I have now submitted additional authorities to show that the district courts were actually getting it right if you look at Carpenter. In the district courts, there were a number of cases around the country beginning in 2005 where the magistrates and the district court judges had been saying 2703D is unconstitutional. You've got to have probable cause here for the issuance of these kinds of authorizations. So this particular authorization was issued well in advance of 2012. I also take issue with the notion that only the circuit court authority is what we use to measure the good faith basis exception. Under the good faith basis exception, it's objectively reasonable reliance on the statute. But there is not any authority for that? I have none, but it appears that. And, you know, there's an open question, I think, under the good faith exception to the warrant requirement about unsettled law. But it's the, what I'm reading here is akin to the habeas standard, which is clearly settled United States Supreme Court precedent. And I don't think the police have to have that. I don't think the police can say, well, we had a good faith basis because there was no  because there was no unsettled law. But it's clearly controlling United States Supreme Court precedent. It's an objectively reasonable reliance on the statute. Well, let me just ask a question here. The motion for new trial appears to be untimely under Federal Rules of Criminal Procedure 33. Wouldn't it be more proper here to file a habeas petition? In this case? Yes. Mr. Dorsey has a pending 2255 in the district court that's been stayed pending this appeal. Thank you. So. Counsel, just so I know your position on the court case, do you think that you can distinguish that case? Corte? Corte? Well, it's, yeah, I believe it's distinguishable because of the time. They, this court said 2012, no circuit court and had found the Fourth Amendment applicable to CSL data and cites a number of circuit court cases. So your argument is even though no circuit courts had made that finding, district courts and magistrate judges had made that finding and therefore what? That it was, that it was not objectively reasonable to avoid the warrant requirement because other circuit court, other district court magistrates and judges have found that that was in fact the requirement. Well, do you think that the panel in the Corte case didn't know that? I think the panel in the Corte case was considering an authorization that came after circuit courts had weighed in. The date of the authorization in Corte was 2012. Mine, the date of the authorization in my case was 2018. It is kind of an unusual situation where it appears to me most of the district courts was getting it, were getting it right, if you look at the later decision in Carpenter, and the circuits were reversing them. It's an unusual situation. So you have 1 minute and 50 seconds. I'm going to save whatever time I had asked the Court to reverse and remand for consideration of the motion without the historic self-impact. Thank you. Good morning, Your Honors. I am Yi-Ting Wu with the United States, and may it please the Court and Counsel, I want to first, I think, address Your Honors' question that was just discussed with Appellant's Counsel. Back in 2008, and I think Court controls here, there was a then lawful statute under the Stored Communications Act, under 18 U.S.C. 2703D, that directed the government as to how to apply for a court order seeking historical CSLI data. There is no disagreement here that in fact the government followed that statutory requirement. That's not an argument here, and we are confident that we have followed that statutory requirement. So defenses or the Appellant's argument that at that time that there was some other magistrate judge's orders, which I looked at all the cases that were cited in the Appellant's 28-J letter, they're all magistrate judge opinions. No district court? No district court opinions. And in fact, when I looked at other opinions, there are district court opinions that are contrary to the magistrate judge opinions in the cases that are cited. All the various magistrate judge orders or the district court orders that were in existence at 2008. We haven't scoured that. And frankly, we don't need to, because court controls. Your Honor brought up the question of whether or not the panel in court, and I'm not sure it's court or quartet, so I'm sorry about that, but whether or not the panel in quartet would have known about these other opinions. And you know, in my humble opinion, I would expect that the panel would have known, would have looked at what was outstanding at the time when the panel issued its opinion just in March of this year, having looked at all of those cases that cited to magistrate judge orders or district court orders. And I think, again, court is dispositive here. It's dispositive in two ways with respect to this case. First, it's dispositive finding, and this is nearly the very last sentence that in the quartet case it said that it is admissible. Cell site location data that is obtained pursuant to a then lawful statute is admissible. Okay? Second of all, without a warrant. Second of all, even without a warrant, the good faith exception applies. And it cites to Illinois v. Gilton. It cites to, in fact, another case that came out recently under United States v. Gilton, a Ninth Circuit case that found that even when the warrant is deficient or the order is deficient, but there is no allegation here that the order is even deficient, that the CSLI data is admissible under the good faith exception. So I think in view of the court findings, it's dispositive with respect to this case. And, Your Honor, I understand that you raised the issues regarding procedural defect. We did brief that. And I, of course, want to be available to answer any questions you have around that. But, again, because quartet is dispositive, I'd like to be able to address any other questions that this court may have. I do want to clarify, because of the fact that there was a discussion regarding the amount of data that was obtained, it is highly distinguishable than Carpenter. And it's even distinguishable from quartet. Here it was not three days. It was one day over a two-hour period, 930 to 1130 p.m., with a half-mile radius of where the shooting occurred. So extremely limited. If there is an open question under Carpenter, the only question is whether or not under Carpenter, with respect to that very narrow period of time, was that CSL data obtained in violation of the Fourth Amendment. And I would submit to you, it is admissible. It does not violate the Fourth Amendment. And in Carpenter, it made it very clear in its footnote that the CSL data was obtained in violation of the Fourth Amendment, that it is to be narrowly applied, that Carpenter is to be narrowly applied, specifically saying that our purpose today is to hold that accessing seven days of CSLI constitutes a Fourth Amendment search. It says we need not decide whether there is a limited period for which the government may obtain an individual's historical CSLI free from a Fourth Amendment scrutiny, or how long that period should be. So Carpenter does leave open that question, but I think specifically under this case, with a two-hour window for one day within a half-mile radius, that is almost as narrow as you can get. And Corte controls with respect to this situation. So unless the Court has any other questions, I will conclude my remarks. I'd like to ask just one question. Dorsey requested an evidentiary hearing on his motion for new trial. The district court determined that the recantation of the trial witnesses was not more credible than their trial testimony. However, without an evidentiary hearing, how would the district court reliably be able to assess the statements and decide they were not credible? Well, the standard here that we would use, of course, is abuse of discretion. And I think in this situation, especially now with the Corte decision, the district court judge, Judge Lasnik, weighed the CSLI data evidence, along with not just the three witnesses who testified, William Fomby, Moy Harper, and Sean Turner, who testified under oath at trial before the same judge, okay, and then years later provided a written recantation. He weighed all of the evidence, the trial court did, weighed all of the evidence in determining that the recantations themselves were not credible. And I think that the district court has that ability to be able to make that credibility decision and determine an evidentiary hearing is not necessary. I think when you weigh that, again, not just on these three witnesses. You're weighing expert witnesses, law enforcement witnesses, and, of course, the CSLI data. So when you weigh the bulk of that evidence against three people who later have recanted, or at least claimed that they're recanting, on a very limited basis in written statements, the court did not abuse its discretion. And your point is the judge had seen those three before. Correct. And he so noted in his order denying the new trial, specifically stating, I was here, I viewed their demeanor, when they testified, they testified under oath in front of a jury, they testified credibly. And when I contrast that against the written recantations, again, that occurred years later, and I weigh that with the bulk of the evidence that was admitted, the other evidence, not just these three witnesses, I find that an evidentiary hearing is not necessary. And that, I think, under an abuse of discretion standard, the trial court did not abuse his discretion. Ms. Wu, may I ask you a question? You were discussing the court or court take control, and then you mentioned a procedural defect, and then you went on to the amount of the data, the Oh, I'm sorry, Your Honor. With respect to the procedural defect here, there are two bases. First of all, raising the admissibility or the constitutionality of the CSLI data. That was raised only in appellant's reply brief for the second motion for new trial. So our position is that the district court declined to address that issue in denying the order, or in issuing the order, denying the motion for new trial, because it had only been raised in the reply brief. Had Carpenter been decided by that time? Carpenter, yes. Carpenter had been decided by that time, yes. And then second of all, Carpenter had been decided by the time that the first brief, the opening brief was due. Yes. No, I'm sorry. Not during the first opening brief. And the first opening brief, Carpenter had not been decided. The second motion? There were two motions for new trial. And the first motion for new trial, which was, that was back in 2010, Carpenter had not been decided. In the second motion for new trial, in the opening brief, and then in the government's responsive briefing, Carpenter had not yet been decided. In the reply brief, Carpenter then had been decided, and the appellant in that reply brief invoked Carpenter's statement. And the appellant was stating that it was, that the CSLI data was unconstitutional under Carpenter. Why would it be a procedural defect if Carpenter hadn't been decided until the reply brief was filed? Well, our position is, is that because of the fact that they could have still raised the issue of the unconstitutionality prior to filing its reply brief. It had many opportunities to do that, and they chose not to do it. And in fact, they've now pointed to many magistrate judges' opinions, other cases where it had been argued that the CSI, CSLI data was unconstitutional, yet they didn't raise it until their reply brief. Does that exhaust your procedural defect argument? My other procedural, my other argument with respect to that is that they have waived it under Rule 12, as well as under Rule 33, because this is not a newly discovered evidence under Rule 33. Thank you, Counsel. Thank you, Your Honor. Rebuttal. Thank you, Your Honors. Just briefly in rebuttal, what I hear the government saying now is that all of this was unsettled in 2008. The government says, well, I can cite you two district court cases that went the other way. And what the government doesn't discuss is whether or not, when the law is unsettled, are the police allowed to rely on the good faith exception in Leon? And it's not objectively reasonable, based upon the dispute over whether or not courts needed to use, or law enforcement needed to use to rely on the reasonable suspicion sort of standard that's in the statute. And if you look at Kylo, and if you look at all the discussion in 2008 about the constitutionality of this, it was not reasonable. So if it wasn't reasonable, then you don't get the good faith exception. It's unconstitutional. If one looks at page 14 of the excerpt of records regarding Judge Lasnik's order for the new trial here, he does make findings regarding the troublesome witnesses in this case, but he concludes by saying that the conviction was based largely on the cell phone tower data. And he does not cite the district court cases that were cited here. And Mr. Dorsey had cited the court to the controlling decision in Carpenter. Opposing counsel observed that there are no district court cases that find this information gathering unconstitutional. You represented that there are district court cases. So could you cite the district court cases that you're relying upon? I said district court decisions. Well, if one distinguishes, they are not district court judges issuing the decisions. They are district court magistrates who are the persons. There's a difference. Yes, there is, but they are the persons who generally are on the front lines of these requests for orders, and they were denying them.
judges: D.W. Nelson, Rawlinson, Bea